**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**William MOELLER, Defendant— Appellant.**

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

**United States of America, Plaintiff—Appellee,**

**v.**

**Richard S. Helfrich, Defendant— Appellant.**

Nos. 02–35010, 02–35092.
D.C. Nos. CR 99–0137 JWS,
CV 01–0055 JWS.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2003.*

Decided Feb. 25, 2003.

R.App. P. 34(a)(2)(C).

Before WALLACE, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Richard Helfrich and William Moeller appeal from the district court's dismissal of their respective 28 U.S.C. § 2255 petitions for postconviction relief. We affirm. Because the parties are familiar with the factual and procedural history of these cases, we will not recount it here.

Appellants claim that their trial counsel provided ineffective assistance by not moving to suppress the evidence seized during the execution of the first search warrant on June 27, 1999. To succeed on an ineffective assistance of counsel claim based on counsel's failure to bring a Fourth Amendment challenge, the defendant must prove "that his Fourth Amendment claim is meritorious and that there is a reasonable probability" that the exclusion of the evidence would have affected the outcome of the trial. *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

Appellants argue that there was not probable cause to support the issuance of the June 27th search warrant. In order for there to be probable cause, only a showing of a probability of criminal conduct is necessary, not a prima facie showing. *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Here, there was more than enough evidence to support the magistrate's determination of probable cause. Therefore, appellants' ineffective assistance of counsel claim based on the first search warrant fails.

Appellants also claim that their counsel provided ineffective assistance by not moving to suppress the evidence seized during the execution of the second search warrant in September, 1999. Appellants argue that, although the second warrant was based on probable cause, it was not properly executed because the police failed to present the warrant to them at the time of the search, as required by Federal Rule of Criminal Procedure 41(d).[1]

Helfrich's argument fails because the district court found that Helfrich was in fact presented with a copy of the search warrant. Helfrich has presented no evidence to the contrary. Because Helfrich was presented with a copy of the warrant, no violation of Rule 41(d) occurred.

■ Moeller's argument fails because he was not present at the apartment at the time the warrant was executed. A person that was not present at the search has no standing to challenge any violation of Rule 41(d). *United States v. Silva*, 247 F.3d 1051, 1059 (9th Cir.2001). Because neither appellant has offered any meritorious challenge to the second warrant, their ineffective assistance of counsel claims fail.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Rule 41's requirement of presentation of a copy of a warrant was relocated to Rule 41(f), effective December 1, 2002. Former Rule 41(d), however, was the law in effect at the time of the search and, thus, governs this case.

Appellants also claim that their trial counsel erred by telling them that they would face 10–year minimum sentences if convicted. Contrary to appellants' contentions, however, trial counsel was correct in stating that appellants would have faced 10–year minimum sentences under 21 U.S.C. § 841(b)(1)(B), because of their prior felony drug convictions, had the government not promised in the plea agreement to not pursue those sentences. Because appellants were correctly informed about the minimum sentences they would be facing, absent a plea agreement, their final ineffective assistance claims also fail.

The judgments of the district court dismissing appellants' respective § 2255 motions is

AFFIRMED.